983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard DONAHUE, Defendant-Appellant.
 No. 92-3123.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Leonard Donahue appeals his sentence for transporting an adult across state lines for purposes of prostitution, in violation of 18 U.S.C. §§ 2421 and 2422. Donahue challenges the district court's application of the sentencing guidelines, arguing that the district court erred in imposing a 5 level, multiple count adjustment by finding that evidence of relevant but indicted conduct met the "preponderance of the evidence" standard.
 
 
 2
 We shall affirm.
 
 I.
 
 3
 In April of 1991, a federal grand jury, convened in the Southern District of Ohio, returned a two-count indictment against defendant Leonard Donahue. Count I of the indictment charged Donahue with knowingly transporting a minor in interstate commerce to engage in prostitution, in violation of 18 U.S.C. §§ 2423 and 2422. Count II of the indictment charged Donahue with knowingly transporting an adult across state lines to engage in prostitution, in violation of 18 U.S.C. §§ 2421 and 2422.
 
 
 4
 Donahue and the government entered into a plea agreement whereby Donahue agreed, among other things, to plead guilty to Count II in exchange for the government's agreement to seek dismissal of Count I.
 
 
 5
 At Donahue's sentencing hearing on Count II, a probation officer's presentencing report was presented to the court. In his report, Officer Dierna included a five-part multiple count adjustment based on unindicted conduct concerning Donahue's alleged transportation of five adult women prostitutes on previous occasions. This adjustment was based on the statement given by a madam during the Donahue investigation. The madam, Luci Deannis, operated in the Wilkes-Barre, Pennsylvania area and had been the subject of an earlier investigation which eventually led to Donahue's arrest. Deannis told the FBI during questioning that Donahue had provided her with prostitutes from Columbus, Ohio on five separate occasions. She also produced a calendar with various markings, though there is some disagreement in the record concerning the nature of these marks.
 
 
 6
 At the sentencing hearing, the court investigated the facts behind the probation officer's account of these previous instances of transporting prostitutes across state lines. First, the court questioned the Assistant United States Attorney prosecuting the case, Mr. Williams. Williams told the court that he "sincerely doubt[ed] that it [Deannis's uncorroborated testimony] would meet a preponderance standard" for purposes of sentencing Donahue. He also noted that "we were not able to corroborate it [Deannis's story]."
 
 
 7
 Second, the court questioned the probation officer, Alan Dietrich, who had prepared the presentencing report. Officer Dietrich believed the Deannis information was sufficiently reliable for sentencing Donahue, and met the preponderance of the evidence standard.
 
 
 8
 Third, the court inquired about the FBI's experience with Deannis by asking Special Agent DiPaolo a series of questions. DiPaolo, like Dietrich, stated that Deannis had provided a great deal of evidence to the Bureau, and that it had all proved reliable. According to DiPaolo, he had spoken to other agents who had dealt with Deannis, and they vouched for her reliability.
 
 
 9
 DiPaolo also implied, in response to a question by the district court, that he had spoken to Deannis directly about "multiple instances" providing prostitutes to Deannis:
 
 
 10
 THE COURT: In other words, there were multiple instances as described in the [presentence] report where Mr. Donahue did supply other women to her prostitution operation; would that be correct?
 
 
 11
 AGENT DIAPOLO [sic]: That's correct. According to Ms. Deannis, that's correct.
 
 
 12
 THE COURT: You talked to her directly?
 
 
 13
 AGENT DIAPOLO [sic]: Yes, I did.
 
 
 14
 Finally, the court turned to defense counsel. The defense renewed its objection to the inclusion of these noncharged events, and argued that Deannis's information was uncorroborated, the markings on the calendar vague, and that the evidence, taken as a whole, did not meet the preponderance standard which would allow for the addition of 5 levels to the 14-point base offense.
 
 The district court then stated:
 
 15
 THE COURT: Thank you.
 
 
 16
 The Court is going to overrule the objection. The Court feels that there is a substantial basis for this information that he did in fact supply and it does meet the preponderance of the evidence standard as far as these presentence investigation reports. Therefore the Court will add 5 levels to the 14 to a 19 and then deduct the 2 for the acceptance of responsibility.
 
 
 17
 Without making specific findings of fact or conclusions of law, the court held that the preponderance standard had been met with regard to Deannis's information. The district court sentenced Donahue to forty months imprisonment, three years of supervised release, and one hundred hours of community service in lieu of a fine.
 
 II.
 
 18
 The sentencing guidelines mandate that this court review the district court's findings of fact under a clearly erroneous standard. 18 U.S.C. § 3742(e). We give "due deference to the district court's application of the guidelines to the facts." Id.
 
 
 19
 The sentence for transporting an adult across state lines for purposes of prostitution, in violation of 18 U.S.C. §§ 2421 and 2, is provided by guideline section 2G1.1. The base level is established at 14. The special instruction in 2G1.1(c)(1) directs that if the offense involved the transportation of more than one person, each such transportation shall be treated as a separate count of conviction. Evidence of related conduct, for purposes of sentencing, must be proved by a preponderance of the evidence. United States v. Robinson, 904 F.2d 365 (6th Cir.1990).
 
 
 20
 Although the court's conclusion is devoid of any specific findings of fact that demonstrate the basis for its conclusion that it had been shown by a "preponderance of the evidence" that Donahue had provided prostitutes to the Wilkes-Barre madam on multiple occasions, we are unable to say that the court's generalized conclusion is clearly erroneous.
 
 
 21
 AFFIRMED.
 
 KEITH, Circuit Judge, dissenting:
 
 22
 Because I disagree with the majority's conclusion that Donahue's sentence was justified by the record, I must respectfully dissent. Specifically, I cannot concur in the majority's assessment of the district court's finding that the government established by a preponderance of the evidence that Donahue provided prostitutes to the Wilkes-Barre madam on five occasions. As noted in the majority opinion, the district court questioned the Assistant United States Attorney who prosecuted the case, the probation officer who prepared the presentence report, and an FBI agent who was involved in the case, regarding Deannis' testimony that Donahue provided her with prostitutes on multiple occasions. However, the district court failed to state what specific findings of fact and conclusions of law provided the basis for its conclusion that Donahue provided prostitutes to Deannis as alleged. Therefore, this court is unable to determine from the record what specific evidence the district court relied on in finding that the allegations of prostitution against Donahue were established by a preponderance of evidence. Accordingly, I would vacate the district court's sentence and remand for resentencing with instructions to the court to make specific findings of fact as to Donahue's sentencing.